UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RONY ANTONIO ORTEGA NUNEZ
(A-Number: A-241-013-650),

Petitioner,

v.

CHRISTOPHER CHESTNUT in his official capacity as the Warden of the California City Detention Center operated by CORECIVIC, INC., a Maryland corporation; KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; in their official capacity; MOISES BECERRA, in his official capacity as Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,

Respondents.

No.  1:26-cv-02398-KES-EPG (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN DAYS

Doc. 1

Petitioner Rony Antonio Ortega Nunez is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025); *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK

1

(HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4. While respondents oppose the petition, they do not raise any new legal arguments. *See* Doc. 7. Respondents assert that this case is factually distinguishable because petitioner's re-detention followed two arrests by law enforcement. *Id.* at 3. Respondents note that the criminal charges against petitioner were dismissed, and respondents do not argue that that the arrests shifted the statutory authority to detain petitioner to 8 U.S.C. § 1226(c). While the circumstances of petitioner's arrests may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, it does not eliminate petitioner's due process right to such determination.

As respondents have not made any new legal arguments and have not identified any pertinent factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026), *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[1]

///

---

[1] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

2

Respondents are ORDERED to provide petitioner Rony Antonio Ortega Nunez (A-Number: A-241-013-650) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:    April 3, 2026

_____
UNITED STATES DISTRICT JUDGE